## Commonwealth v. Wargo

*Frank Morrison,* for Commonwealth.
*George Nagle* and *Andrew Parker,* for defendants.

KREHEL, *P.J.,* January 16, 1978 — Before us are seven identical petitions for suppression of evi-

dence. One issue is the binding thread. All are concerned with the fact of the printed legislative act, entitled the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §1547(c), effective July 1, 1977, chemical test to determine amount of alcohol, which contained the word "Health" as the department designated to approve the equipment used in these chemical sobriety tests.

Counsel for defendants firmly stress that in such penal legislation, strict construction of the language of such statutory requirement, the letter of the law, must be employed.

Commonwealth counsel urges application of the "spirit" of the law, carefully enunciated in the singular so as not to insert "spirits" into these chemical sobriety test cases.

Reference was made to the Berks County case of Commonwealth v. Herbein, where Senior Judge Warren K. Hess, on October 20, 1977, dismissed the "driving while under the influence" charge on the technicality that "Health" Department was used where "Transportation" Department once ruled for approval and certification of the "breathalyzer" devices throughout this Commonwealth.

In the only prior case considered by this court, Commonwealth v. Fauland, CR 77-344, on November 10, 1977, our order was to deny the petition for suppression, holding that "Health" in place of "Transportation" was a human error, compounded by a printing error, unintended and unnoticed. The text of this section of the code was immediately corrected by publication two days later in the official weekly Pennsylvania Bulletin.

We reassert our position taken in Fauland.

All seven petitions for suppression of evidence are dismissed in these companion presentations,

six by George J. Nagle, Esq., Assistant Public Defender, and the seventh (Walburn) by able counsel, Andrew K. Parker, Esq. This court did not hesitate to determine legislative intent in the first impression case of Market Street Nat. Bank of Shamokin v. Staniszewski, 2 D. & C. 3d 283 (1977), and we move boldly here.

And our reasoning is taken from the Socratic method of the Greek philosopher's thesis: "Of things that exist, some exist by nature, and some from other causes."

Here, we have the existence of a legislative act, with the word "Health" inserted here, and that did not come naturally. Its cause was not deliberate, that's for certain. It did not exist in prior law, that's for certain. So, was it "accidental," or did it come from other causes?

Allow us to rephrase the response with the use of "accident," and point out this deterrent, or the procedure of breathalyzer testing, was, and is, intended to prevent accidents, or to remedy driving habits, by determining the causes of accidents and thereby extending safety onto our highways.

We rule the margin of human error as the cause of such insertion of "Health" for "Transportation," from the proposed bill, passed the committees that examined this legislation, and letting it onto the floor, unintended and unnoticed, of the full house (and we don't mean to reflect on a "loaded" house, nor a "saturated" house, nor one that's "all wet"). And the Vehicle Code came out effective July 1, 1977, compounding in print, the human error inserted in the beginning.

The Department of "Transportation" had been the agency to approve and certify breathalyzer equipment. This court interprets the chance factor,

not by nature, but from some other cause, the margin of human error, of seeing "Health" appear, where "Transportation" had always been. These seven companion cases are accordingly dismissed.

## ORDER

And now, January 16, 1978, after consideration of the seven petitions for suppression of evidence in the above-captioned cases and arguments heard this date, the prayers of the petitions are denied, and these motions dismissed within the aforegoing reasoning.